United States District Court
Southern District of Texas
**ENTERED**
February 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEANTE KIEVON CLAY, § <br> TDCJ #01917341, § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice - § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-19-5020 |

## **MEMORANDUM AND ORDER**

State inmate Deante Kievon Clay has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a prison disciplinary conviction entered against him while incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has also filed an application for leave to proceed *in forma pauperis* [Doc. # 3]. After reviewing all of the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this action must be dismissed for the reasons explained below.

## I. BACKGROUND

Clay is currently confined in TDCJ at the Telford Unit as the result of a 2014 conviction from Harris County for aggravated robbery with a deadly weapon [Doc. # 1, at 1-2].[1] Clay does not challenge any of his underlying state court convictions here. Instead, Clay challenges the validity of a prison disciplinary conviction entered against him at the Ferguson Unit, where he was previously assigned [*Id.* at 5].

On August 19, 2019, Clay was convicted in TDCJ Disciplinary Case No. 20190302636 of violating prison rules by possessing synthetic marijuana [*Id.*]. As punishment, Clay was restricted to his cell without commissary and telephone privileges for 45 days [*Id.*]. He was also assigned extra work duty and reduced in both custodial classification and line-class status [*Id.*]. In addition, Clay forfeited 350 days of previously earned good-time credit [*Id.*]. Clay challenged his disciplinary conviction through the two-step administrative grievance process, but his appeal was unsuccessful [*Id.* at 5-6].

Clay now seeks federal habeas corpus relief from his disciplinary conviction, asserting that he was denied timely notice of the charges and a prompt hearing in violation of TDCJ procedures and the right to due process [*Id.* at 6]. The petition

---

[1] Unless otherwise indicated, all page numbers for cites to the record reference the pagination inserted on each docket entry by the Court's electronic docketing system, CM/ECF.

will be dismissed because Clay cannot show that he is entitled to relief as a matter of law under the standard that governs prison disciplinary proceedings.

## II. <u>DISCUSSION</u>

To prevail on habeas corpus review, a petitioner must demonstrate that a constitutional violation has occurred. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). To the extent that Clay contends that TDCJ officials violated prison rules by denying him timely notice and a prompt hearing on the charges against him, this allegation, standing alone, is not sufficient to demonstrate a constitutional violation. *See Jackson v Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that TDCJ's mere failure to follow an administrative rule violated his constitutional rights).

In the disciplinary hearing context, a prisoner's constitutional rights are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). It is well established that a Texas inmate can demonstrate a

due process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Although Clay forfeited good-time credit as the result of his disciplinary conviction, he cannot establish a due process violation because he is not eligible for mandatory supervision. In that regard, Clay concedes that he has a prior state court conviction for aggravated robbery with a deadly weapon, which excludes him from eligibility for mandatory supervision under the governing statute.[2] *See* Tex. Gov't Code §§ 508.149(a)(1) & 508.149(a)(11) (excluding from eligibility for mandatory supervision inmates who have been convicted of an offense that contains an affirmative finding that a deadly weapon was used and those convicted of certain enumerated offenses, including aggravated robbery); *see also Bui v. State*, 68 S.W.3d 830, 840 (Tex. App. — Houston [1st Dist.] 2002, no pet.) (observing that

---

[2] State court records from a previous federal habeas corpus proceeding filed by Clay confirm that the judgment in his case contains an affirmative finding that a firearm was used during the commission of an aggravated robbery. *See Clay v. Davis*, Civil No. H-18-cv-1760 (S.D. Tex.), Doc. # 12-13, at 178 (Judgment of Conviction by Court – Waiver of Jury Trial).

defendants convicted of aggravated robbery are eligible for parole, but are not eligible for early release on mandatory supervision). Under these circumstances, Clay cannot show that the punishment imposed at the challenged disciplinary proceeding impacted a constitutionally protected liberty interest. *See Malchi*, 211 F.3d at 957-58.

Absent a showing that the petitioner has been deprived of some right secured to him by the Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). Therefore, the petition will be denied and this case will be dismissed for failure to state a claim.

### III. **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because the petition in this case does not satisfy this standard, a certificate of appealability will not issue.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Deante Kievon Clay [Doc. # 1] is **DENIED** and this case is **DISMISSED with prejudice**.

2. Clay's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **DENIED** because he does not provide a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on February 4, 2020.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE